# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

George Rider-Bey,

                Petitioner,      Case No. 20-10255

v.                             Judith E. Levy
                             United States District Judge

United States of America,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING AS MOOT THE PETITION FOR A WRIT OF HABEAS CORPUS, VACATING THE ORDER FOR RESPONSIVE PLEADINGS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

George Rider-Bey, ("Petitioner"), currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for a writ of habeas corpus. At the time that he filed the petition, Petitioner was incarcerated at the Sanilac County Jail. Petitioner seeks a writ of habeas corpus to order his return to the Michigan Department of Corrections. For the reasons set forth below, the petition for a writ of habeas corpus is DISMISSED AS MOOT.

1

## I. Background

On January 31, 2020, Petitioner filed a petition for a writ of habeas corpus. At the time, Petitioner was incarcerated in the Sanilac County Jail in Sandusky, Michigan. In his petition, Petitioner argues that he was being held in the county jail by federal authorities on some unspecified matter. Petitioner also argues that his federal case was dismissed on November 7, 2019, but that he remained in the county jail. Petitioner's federal criminal case was dismissed on November 8, 2019. *See United States v. Rider-Bey,* No. 2:19-30452 (E.D. Mich. Nov. 8, 2019).[1]

Petitioner argues that under the Interstate Detainer Act, the federal authorities were required to return him to the Michigan Department of Corrections. (ECF No. 1-1, PageID.2). Petitioner requests to be returned to the Michigan Department of Corrections "ASAP." (ECF No. 1-1, PageID.3). Petitioner, however, has now been returned to the

---

[1] *See* 2:19-30452 (ECF No. 43). The Court may take judicial notice of public records and government documents, including those available from reliable sources on the internet, such as here. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). This Court is permitted to take judicial notice of companion criminal cases in a petitioner's case. *See e.g.*, *United States v. Rigdon,* 459 F.2d 379, 380 (6th Cir. 1972).

Michigan Department of Corrections and is currently housed at the Saginaw Correctional Facility.[2]

## II. Discussion

The petition for a writ of habeas corpus is dismissed as moot because the relief Petitioner seeks has already occurred. Petitioner has been transferred back to the Michigan Department of Corrections.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,*

---

[2] The Court takes judicial notice of this information, which it obtained from the Michigan Department of Corrections' Offender Tracking Information System (OTIS). *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004); *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=155733.

58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

Petitioner's transfer back to state custody after the dismissal of his federal case moots his habeas claim. *See e.g. Nichols v. Symmes*, 553 F.3d 647, 649–50 (8th Cir. 2009) (the petitioner's claim that he was wrongly confined in a federal facility was moot in that it had already been cured by his transfer to a state facility). Any injury that Petitioner suffered cannot be redressed by a favorable judicial decision from this Court. Accordingly, Petitioner's claim is moot and must be denied. *Diaz v. Kinkela,* 253 F.3d 241, 243-44 (6th Cir. 2001); *see also Fredette v. Hemingway,* 65 F. App'x 929, 931 (6th Cir. 2003).

## III.  Denial of Certificate of Appealability

For the reasons set forth above, the petition for a writ of habeas corpus is denied as moot. Further, the Court will not grant a certificate

of appealability. Section 2253(c)(2) states, in pertinent part: "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). Furthermore, Federal Rule of Appellate Procedure 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x 113 (4th Cir. 2003). Jurists of reason would not debate this Court's resolution of Petitioner's claim. Therefore, an appeal could not be taken in good faith and Petitioner may not proceed *in forma*

*pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV. Conclusion

Accordingly, the Court DENIES AS MOOT the petition for a writ of habeas corpus. The Court further DENIES a certificate of appealability and DENIES leave to appeal *in forma pauperis*. The order requiring responsive pleadings (ECF No. 4) is **VACATED.**

IT IS SO ORDERED.

Dated: November 24, 2020          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 24, 2020.

                    s/William Barkholz
                    WILLIAM BARKHOLZ